DeForest Weiss v. Commissioner.
Weiss v. Commissioner
Docket Nos. 48319, 50270.
United States Tax Court
T.C. Memo 1955-123; 1955 Tax Ct. Memo LEXIS 215; 14 T.C.M. (CCH) 451; T.C.M. (RIA) 55123; May 18, 1955
DeForest Weiss, 1925 East Hudson Street, Columbus, Ohio, pro se. Robert Liken, Esq., and R. G. deQuevedo, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined deficiencies in income tax of petitioner in the amount of $277 for the year 1950 and $245 for the year 1951. The only question for our decision is whether petitioner contributed more than one-half to the support of his three minor children which would entitle him to a dependency credit under section 25, Internal Revenue Code of 1939. Findings of Fact Petitioner resides at 1925 E. Hudson Street, Columbus 11, Ohio. He married Sylvia Weiss on November 18, 1932, and as a result of this marriage three children were born, namely: Eleanor Joan, born September 5, 1933, Thomas Henry, *216 born January 9, 1943, and Richard Allen, born May 12, 1940. Some time during the year 1942 Mrs. Sylvia Weiss took steps to have petitioner committed to an institution, and in October, 1942, he was admitted to the Toledo State Hospital, Toledo, Ohio, as a mental patient. While petitioner was in the hospital, Mrs. Weiss and the three children made their home with Mr. and Mrs. Charles H. Stover, Wolbridge, Ohio. On April 3, 1945, the Probate Court of Wood County, Ohio, entered its orders decreeing the three children to be the adoptive children of Mr. and Mrs. Stover. During the taxable years here in question the three children lived with Mr. and Mrs. Stover. Petitioner does not know the total amount expended for the support of the three children during the taxable years in question. He did not personally send any money to aid in the support of the children. Opinion To sustain petitioner's claim for dependency credit for his three minor children if must appear from the evidence that he contributed "over one-half" of their "support" in the taxable years of 1950 and 1951. Section 25(b)(3), I.R.C. of 1939. The burden of proof rests upon petitioner to establish this fact by evidence, *217 and his failure so to do entitles him to no relief. Petitioner has wholly failed to prove that he contributed over one-half of the support of his children for either of the years in question. In fact he candidly admits that he does not know what amount was spent for their support in either of the taxable years. During the taxable years the children lived with Mr. and Mrs. Stover who had adopted them. Petitioner questions the legality of their adoption and also questions the legality of his having been committed to an institution, but these are questions over which this Court has no jurisdiction. Furthermore, even if petitioner's contention is correct, this would not supply the omission of testimony that he contributed over one-half of the children's support, that being the question upon which we have to pass. Petitioner admits that he contributed nothing directly to the support of the children in the taxable years, but is under the impression that due to his service in the armed forces of the government certain allowances were paid by reason thereof in support of the children during the years in question. Petitioner was never able to supply any proof as to any contribution *218 by the government or from any other source. At the conclusion of the hearing petitioner was granted thirty days within which to file any documentary evidence supporting this claim, but no such evidence has been furnished. Several weeks after the hearing was concluded, petitioner sent the Court a proposed "supplement to amend his petition," asking "for exemption for loss of wages due to injury of December 28, 1950." At the hearing no permission was sought or obtained to file an amended pleading. Furthermore, even if this amended petition is permitted to be filed and considered, the petitioner has furnished no evidence in support thereof. Decisions will be entered for the respondent.